UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
|     Plaintiff,        ) | |
|             ) | No. 1:04-cr-230 |
| v.        ) | |
|             ) | Honorable Paul L. Maloney |
| KEVIN IKE OBI,        ) | |
|     Defendant.        ) | |
|             ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on Defendant's motion for modification or reduction of his sentence under Guideline Amendment 821. (ECF No. 187). The probation department filed a sentence modification report. (ECF No. 194). Both the government and Defendant filed responses to the sentence modification report. (ECF Nos. 195, 196). The court will reduce Mr. Obi's sentence from 300 months to 293 months.

### I. Background

Mr. Obi sold heroin to young adults. A young woman died in his wake. Today, he asks that the court reduce his sentence. In April 2014, Defendant was arrested while delivering 20 packets of heroin and agreed to cooperate with investigators. While working for law enforcement, he continued to illegally obtain and distribute heroin.

In September 2004, he and a male friend joined two women at a bar until it closed. After the bar closed, the quartet went to Defendant's home. One of the women passed out shortly after getting to Defendant's home. The other woman, N.L., snorted heroin with Defendant and the other male friend. Defendant and N.L. had sex. Defendant's male friend

1

also wanted to sleep with N.L. However, N.L. had either stopped breathing or was snoring; either way she was unconscious. Defendant and his male friend put clothes on N.L., loaded her into Defendant's mother's car, and then drove her to the local medical center only after Defendant had disposed of the remaining heroin. The medical center was closed, finally forcing Defendant to call for emergency personnel. N.L. had overdosed and died.

Defendant was charged with conspiracy to distribute heroin, distribution to a minor, and distribution resulting in death. Defendant pled guilty to distribution of heroin resulting in death. At Defendant's sentencing hearing, the court imposed a sentence of 300 months. After two appeals to the Sixth Circuit, that sentence was ultimately affirmed.[1] The original guideline range was 262-327 months of imprisonment.

## II. Legal Standard

Once a district court imposes a sentence, the court may not modify that sentence except in limited circumstances. *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021). One such exception, § 3582(c), permits a district court to modify a sentence when the Sentencing Commission makes guideline modifications that lower the sentencing guidelines range for that defendant. 18 U.S.C. § 3582(c)(2). The district court "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

---

[1] The first sentence of 300 months was vacated by the first appeal. *United States v. Obi*, 952 F.3d 148, 160 (6th Cir. 2008). The district court then reimposed a 300-month sentence. *Id.* The second sentence was also appealed, but it was affirmed. *Id.*

For motions brought under § 3582(c), district courts conduct a two-step review. *See United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*, 560 U.S. 817, 826-27 (2010)). The court must first determine the defendant's eligibility and whether the Sentencing Commission's changes actually lowered the defendant's guideline range. *See Dillon*, 560 U.S. at 827. Second, the court must consider the § 3553(a) factors to decide whether to exercise its discretion to reduce the defendant's sentence. *Id.*

Amendment 821 contains two retroactive provisions. Part A of Amendment 821 decreases "status points" by one point for defendants with seven or more criminal history points and eliminates "status points" for defendants with six or fewer criminal history points. "Status points" are those points that were applied under then United States Sentencing Guideline (U.S.S.G.) § 4A1.1(d) if the defendant committed his or her federal offense while on probation, parole, supervised release, imprisonment, work release, or escape status. Part B of Amendment 821 provides for a decrease of two offense levels for "zero-point offenders" (no criminal history points), whose offense did not involve specific aggravating factors.

### III. Analysis

The government and Defendant agree that Defendant is eligible for a sentence reduction. The relevant provision, Part A, is applicable here. Defendant was given two additional status points for "committing the offense while under a criminal justice sentence." This resulted in five total points and a criminal history category of III. Following Part A of Amendment 821, Defendant would not be assessed any points for being under a criminal justice sentence while he committed the offense. His new criminal history category would

now be II, and the guideline range would be 235 to 293 months. Defendant is eligible for a reduction in his sentence under Amendment 821; he passed step one.

Now the issue becomes whether the § 3553(a) factors, as applied to Defendant, warrant a reduction in his sentence. The court will sentence Defendant within the new and appropriate guideline range of 235 to 293 months. But the seriousness of the crime leads the court to believe a sentence close to the original 300 months is appropriate.

The distribution of drugs like heroin constitutes a grave offense. The record reflects that Defendant engaged in drug related activity and continued to do so even after cooperating with the government. Defendant sold drugs to young adults. N.L.'s death was preventable and tragic. Defendant's actions arguably led to her death. Defendant could have promptly intervened, but he did not. The seriousness of Defendant's conduct and crime cannot be overstated.

The court finds that a sentence of 293 months would reflect the seriousness of Defendant's crime, promote respect for the rule of law, and provide Defendant with a just punishment. Further, this sentence would deter others and protect the public from Defendant. Defendant's original sentence of 300 months reflected the seriousness of the crime, and the court largely agrees with the prior Judge's assessment of this matter. The § 3553(a) factors indicate that an adjusted sentence of 293 months is appropriate.

## IV. Conclusion

The court will reduce Mr. Obi's sentence from 300 months to 293 months.

**IT IS HEREBY ORDERED** that Defendant's motion for a sentence reduction (ECF No. 187) is **GRANTED.**

**IT IS SO ORDERED.**

Date:  May 17, 2024              /s/ Paul L. Maloney
                                     Paul L. Maloney
                                     United States District Judge